UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BARRY MAMADOU,[1]

        Petitioner,

    v.

SUPERINTENDENT LaMANNA, *Green Haven Correctional Facility*,

        Respondent.

20-CV-1038-LJV
DECISION & ORDER

---

On August 7, 2020, the *pro se* petitioner, Barry Mamadou, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Docket Item 1. He alleges that his conviction in New York State Supreme Court, Chemung County, was unlawfully obtained because (1) the verdict was "[a]gainst the [w]eight of the [e]vidence" and (2) his trial counsel was ineffective. *Id.* On February 19, 2021, the respondent, Superintendent LaManna, answered the petition, Docket Item 16; filed a memorandum of law in opposition to the petition, Docket Item 17; and filed a supplemental state court record, Docket Item 16-1. On May 27, 2021, Mamadou replied. Docket Item 21.

On June 1, 2021, this Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 22. On May 11, 2023, Judge McCarthy issued a Report and

---

[1] It is unclear from the record whether the petitioner's name is "Barry Mamadou" or "Mamadou Barry." Because several documents from the state court proceedings, including the trial transcript, refer to him as "Barry Mamadou," *see, e.g.*, Docket Item 16-2 at 3; *see also* Docket Item 16-1 at 348, 353; Docket Items 16-3 and 16-4, this Court does the same.

Recommendation ("R&R") finding that Mamadou's application for a writ of habeas corpus should be denied and the petition dismissed. Docket Item 28. Mamadou then objected to the R&R, Docket Item 37; LaManna responded, Docket Item 42; and Mamadou replied, Docket Item 43.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objection, response, and reply; and the materials submitted to Judge McCarthy. Based on that *de novo* review, the Court accepts and adopts Judge McCarthy's recommendation to deny Mamadou's habeas corpus petition.

## **DISCUSSION**[2]

### I. LEGAL SUFFICIENCY OF THE EVIDENCE

Mamadou first asserts that the verdict was "[a]gainst the [w]eight of the [e]vidence." Docket Item 1 at 4-5. Challenges to a verdict as against the weight of the evidence are not cognizable on habeas review. *McKinnon v. Superintendent*, 422 F. App'x 69, 75 (2d Cir. 2011) (summary order) ("[T]he argument that a verdict is against the weight of the evidence . . . is not cognizable on habeas corpus."). Moreover, and as Judge McCarthy correctly found, even if the Court gives Mamadou the benefit of the

---

[2] The Court assumes the reader's familiarity with the facts alleged in the petition, *see* Docket Item 1, and Judge McCarthy's analysis in the R&R, *see* Docket Item 28. It refers to the facts only as necessary to explain its decision.

2

doubt and deems his claim to challenge the legal sufficiency of the evidence, he "failed to exhaust that claim," as is required to pursue it in a federal habeas petition. Docket Item 28 at 6.

As Judge McCarthy explained, "[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies" and "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the [s]tate's established appellate review process." *Id.* (first quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004), then quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). In other words, "before seeking a writ of habeas corpus in federal court, a state prisoner must first have presented his claim to the highest court of the state." *Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir. 2000).

When Mamadou sought leave to appeal his conviction to the New York Court of Appeals, he did not request review of his claim challenging the verdict as against the weight of the evidence or challenging the evidence as legally insufficient. *See* Docket Item 16-1 at 353-56. On the contrary, the only issue Mamadou raised was "whether trial counsel rendered ineffective assistance." *Id.* Mamadou's failure to "fairly apprise" the Court of Appeals of his claim regarding the sufficiency of the evidence "bars him from litigating the merits of [that claim] in federal habeas proceedings" unless he shows either (1) cause for—and prejudice caused by—that failure or (2) that he is actually innocent of the crime of which he was convicted. Docket Item 28 at 8-9 (citing *Grey v. Hoke*, 933 F.2d 117, 120-21 (2d Cir. 1991); *Murray v. Carrieri*, 477 U.S. 478, 496 (1986)). Judge McCarthy found that Mamadou has not satisfied either of those exceptions. *Id.* at 8-10.

3

Mamadou objects that because he challenged the "[l]egal sufficiency of the evidence" on direct appeal to the intermediate appellate court, the issue "was preserved for . . . the Court of Appeal[s]." Docket Item 37 at 13. But Judge McCarthy addressed that argument and concluded that Mamadou's "failure to identify this issue for the Court of Appeals in his letter application" renders that claim unexhausted. Docket Item 28 at 7-8; *see Grey*, 933 F.2d at 120 (rejecting petitioner's argument that he exhausted certain claims "by attaching his Appellate Division brief [raising those claims] to his letter application to the Court of Appeals" when "[t]he letter [itself] made no mention of [those] claims"). Mamadou's objections do not provide any basis to reach a different conclusion. *See* Docket Item 37 at 12-22. Nor do they demonstrate cause for Mamadou's failure to raise that issue to the Court of Appeals or include facts suggesting Mamadou's actual innocence. *See id.*

This Court therefore adopts Judge McCarthy's recommendation. For the reasons stated by Judge McCarthy and for the reasons stated above, Mamadou's "insufficient evidence claim is procedurally barred." Docket Item 28 at 10.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Mamadou also argues that his trial counsel, John P. Brennan, "[r]endered [i]neffective [a]ssistance." Docket Item 1 at 5. More specifically, he says that Brennan was ineffective when he (1) "reject[ed] a jury charge on third-degree assault as a lesser included offense under the count of the indictment charging assault in the second degree" and (2) "fail[ed] to request a missing witness charge" regarding the state's failure to call Jose Acosta, the victim of the assault. *Id.* (capitalization omitted). Judge McCarthy found that neither claim meets the "heightened standard" required to establish

4

ineffective assistance of counsel in the context of a section 2254 petition. *See* Docket Item 28 at 10-12 (articulating the relevant standard); *id.* at 12-18 (recommending that this Court dismiss Mamadou's ineffective assistance of counsel claims). This Court agrees.[3]

### A.    Failure to Request a Lesser Included Offense Charge

Mamadou was convicted of promoting prison contraband in the first degree and assault in the second degree. *See* Docket Item 16-1 at 36. Possession of a weapon is an element of both of those crimes as charged against Mamadou. N.Y. Penal Law §§ 120.05(2), 205.25(2); *see* Docket Item 16-1 at 37. But generally, possession of a weapon is not an element of third-degree assault. *See* N.Y. Penal Law § 120.00(1).

At the preliminary conference, attorney Brennan declined the trial court's offer to charge third-degree assault as a lesser included offense of the second-degree assault charge. *See* Docket Item 16-1 at 317-18, 354. Mamadou contends that was a mistake that "prevented a potential compromise verdict." Docket Item 37 at 7. In other words, Mamadou argues that if the jury had been charged on third-degree assault, he may have been acquitted of the second-degree assault and contraband charges—which required the government to prove that Mamadou possessed a weapon—and convicted only of the third-degree assault misdemeanor. *See id.*

But as Judge McCarthy explained, Brennan clearly had a sound strategic reason to reject the third-degree assault charge: If the jury found reasonable doubt that

---

[3] In his reply, Mamadou requests "a hearing in respect to the ineffective assistance of counsel" so that Brennan may explain his trial strategy. Docket Item 43 at 2. The Court finds that a hearing is unnecessary because Brennan's strategy is evident from the record. *See infra* at 5-9.

Mamadou possessed a weapon, Mamadou would be acquitted of all charges. *See* Docket Item 28 at 12-15; *see also* Docket Item 16-3 at 103 (Brennan's closing argument that "the biggest piece of reasonable doubt you [the jury] have is the [weapon] that [the state] want[s] to find [Mamadou] guilty of possessing"). If, on the other hand, the jury was instructed on third-degree assault, Mamadou could be convicted of that charge even if the state failed to prove he possessed a weapon. *See* Docket Item 28 at 12-15.

As Judge McCarthy concluded, Brennan's strategy was "perfectly sound" and did not "amount[] to constitutionally deficient performance." *Id.* at 13-14 (citations omitted); *see id.* at 12 (explaining that a court "will not second-guess trial counsel's defense strategy simply because the chosen strategy has failed" (quoting *United States v. DiTommaso*, 817 F.2d 201, 215 (2d Cir. 1987)). In fact, Brennan made good arguments highlighting (1) that several witnesses did not see Mamadou holding a weapon during the assault, *see* Docket Item 16-3 at 96-98; (2) that the witness who "says that he saw . . . Mamadou drop a weapon" in fact "arriv[ed] late" to the altercation, *see id.* at 99; and (3) that the weapon had "no blood on it" even though "there was a lot of blood" at the scene of the assault, *see id.* The fact that the jury did not accept those arguments does not evidence ineffective lawyering or unsound strategy.

Moreover, and as Judge McCarthy noted, "[m]any courts have held that a lawyer's strategic decision to go for broke, and not to request a lesser-included offense instruction or to pursue certain defenses that could dilute that strategy, cannot provide a basis for claiming ineffective assistance of counsel." *Id.* at 12 (quoting *Cruz v. Superintendent*, 2016 WL 2745848, at *9 (S.D.N.Y. May 11, 2016)). Mamadou's questionable assertion that the trial court "clearly believed that [he] was guilty only of the

6

lesser offense" of third-degree assault does not change that analysis. See Docket Item 37 at 2. And for the reasons explained above, the Court disagrees with Mamadou's contention a third-degree assault charge would not have "present[ed] any potential disadvantage." See id. at 5-6.

Although Brennan's choice to decline a third-degree assault jury charge did not result in the desired outcome, Mamadou has not shown that Brennan's strategic decision amounts to ineffective assistance of counsel. See Docket Item 28 at 10-12. This Court therefore adopts Judge McCarthy's recommendation that Mamadou's claim based on the failure to request a lesser included offense instruction be dismissed.[4]

### B.  Failure to Request a Missing Witness Charge

"In New York, a party is entitled to a missing witness charge when he shows 'that the uncalled witness is knowledgeable about a material issue upon which evidence is already in the case; that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called him[;] and that the witness is available to such party.'" Docket Item 28 at 15 (quoting People v. Gonzalez, 68 N.Y.2d 424, 427, 502 N.E.2d 583, 586 (1986)).

---

[4] In his objections, Mamadou argues for the first time that "the [trial] court should have sua sponte delivered the lesser included charge." Docket Item 37 at 23 (capitalization omitted). The record does not support that argument: As discussed, Brennan had a strategic reason for not requesting the lesser included charge, and allowing counsel to pursue that strategy without interference was not error by the trial court. So even if this Court considers that argument that was not made to the magistrate judge, and even if it raises an issue cognizable on habeas review, it lacks substantive merit.

Mamadou argues that Brennan should have requested a missing witness charge as to Acosta, who did not testify. Docket Item 1 at 5. Judge McCarthy rejected that claim for two reasons.

First, Judge McCarthy found that "there is no reason that Acosta might be expected to testify favorably for the [s]tate had he testified." Docket Item 28 at 16. In fact, Judge McCarthy noted, "Acosta was produced . . . during [Mamadou's] trial [] *at [Mamadou's] request*" and "indicated that he would 'refuse to say anything.'" *Id.* (emphasis added) (citing Docket Item 16-3 at 61, 68). In other words, even if Brennan had requested a missing witness charge, the trial court may well have denied that request. *See id.* And "[f]ailure to make a meritless argument does not amount to ineffective assistance." *Id.* (quoting *United States v. Arena*, 180 F.3d 380, 396-97 (2d Cir. 1999)).

Second, Judge McCarthy concluded that Brennan's "use in his summation of the [s]tate's failure to call Acosta to testify ameliorated any possible prejudice" because Brennan "used Acosta's absence from trial to further press his reasonable doubt argument with respect to [Mamadou's] possession of a weapon." *Id.* at 17; *see* Docket Item 16-3 at 103 (Brennan's closing argument that "[Acosta] wasn't here to testify that he got injured by this weapon, that he saw Barry Mamadou carrying this weapon. The People didn't present that evidence."). And "'defense counsel's decision to highlight the absence of certain eyewitnesses through cross-examination and summation, rather than through a missing witness instruction, falls within the realm of sound trial strategy.'" Docket Item 28 at 17 (quoting *Hernandez v. Lee*, 2014 WL 1407274, at *22 (E.D.N.Y. Apr. 11, 2014)).

8

Mamadou objects that Brennan's "passing reference to [] Acosta's absence . . . was insufficient to ameliorate the failure to request a missing witness charge" and argues that "there was no conceivable strategic or tactical reason not to request the charge."  Docket Item 37 at 10.  But this Court agrees with Judge McCarthy:  A request for a missing witness charge likely would have been denied given Acosta's refusal to testify, and the charge would not have accomplished anything more than Brennan's discussion of Acosta during summation accomplished.

This Court therefore adopts Judge McCarthy's recommendation finding that Mamadou has failed to establish ineffective assistance of counsel based on Brennan's decision not to request a missing witness charge.

## **CONCLUSION**

For the reasons stated above and in the R&R, Mamadou's petition for a writ of habeas corpus, Docket Item 1, is DENIED, and this matter is DISMISSED.  The Clerk of the Court shall close the file.

This Court certifies under 28 U.S.C. § 2253(c)(2) that because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, the court denies a certificate of appealability.

 Mamadou must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action.

SO ORDERED.

Dated:   April 26, 2024
         Buffalo, New York


                                              /s/ Lawrence J. Vilardo
                                              LAWRENCE J. VILARDO
                                              UNITED STATES DISTRICT JUDGE

10